JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JOSEPH A. FAZIOLI (ILSBN 6273413)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   Facsimile: (408) 535-5081
   E-Mail: joseph.fazioli@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.  CR 07-00614 JW |
|     Plaintiff, ) | UNITED STATES' SENTENCING MEMORANDUM |
|   v. ) | |
| MARK CHARLES ZELINSKY, ) | SENTENCING DATE: March 24, 2008 |
|     Defendant. ) | |

     The United States of America hereby submits its sentencing memorandum in the above-captioned case.  On December 17, 2007, the defendant pled guilty to an indictment charging him with single count of Possession of Matters Containing Any Visual Depiction of a Minor Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(4)(B).  The Probation Department's calculation of the Guidelines results in an adjusted total offense level of 28 and criminal history category I.  The sentencing range for imprisonment is 78 to 97 months.  The Probation Department recommends that the Court impose a prison term of 60 months along with other enumerated conditions, including an 84 month term of supervised release.  The defendant has recommended that he receive a non-custodial sentence.  The United States has

reviewed the final pre-sentence report (PSR) and has no objection to the factual information contained therein.  The United States disagrees with the defendant's sentencing position, and respectfully recommends that the this Court impose a significant sentence of imprisonment for the defendant's conduct along with the other enumerated conditions recommended by the Probation Department.

## DISCUSSION

A.  **A Substantial Sentence of Imprisonment for the Defendant is Reasonable and Appropriate**

Defendant's criminal conduct merits a substantial sentence of imprisonment.  The Government is required to advocate for a sentence within the applicable Guidelines range, which would constitute a substantial sentence of imprisonment.  The Probation Department's recommendation - 60 months - also would constitute a substantial sentence of imprisonment.  Defendant's criminal conduct merits a significant prison term  Specifically, defendant illegally downloaded and possessed child pornography onto a government computer while employed at NASA.  Sentencing the defendant to a substantial prison term would comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), as required by 18 U.S.C. § 3553(a).  First, a substantial sentence of imprisonment would reflect the seriousness of the defendant's offense, illegally reentering the United States, and provide adequate punishment for this offense.  18 U.S.C. § 3553(a)(2)(A).  Second, a substantial sentence of imprisonment would serve the goal of increasing the defendant's level of punishment over the duration of his criminal career, consequently affording adequate deterrence of further criminal conduct.  Furthermore, a substantial sentence of imprisonment would serve to protect the public from further criminal conduct by the defendant.  18 U.S.C. § 3553(a)(2)(C).  Given the aforementioned factors, a substantial term of imprisonment is a reasonable and appropriate sanction for the defendant's conduct.

B.  **The Defendant Should Be Remanded Into Custody After Sentencing**

The United States also agrees with the Probation Department's Recommendation that the

defendant be remanded into custody post-sentencing. See PSR Recommendation at 3 (noting that "[t]he defendant is not viewed as a good candidate for voluntary surrender.") The defendant has been convicted of possessing child pornography. The Bail Reform Act requires that such a defendant convicted of a child pornography offense who is sentenced to prison be detained after sentencing. 18 U.S.C. § 3143(b)(2) states in relevant part that "the judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is sentenced to a term of imprisonment...be detained..." In pleading guilty to a child pornography offense, defendant Zelinsky will have been found guilty of a "crime of violence" for purposes of 18 U.S.C. § 3142(f)(1)(A) and faces a sentence of imprisonment. Defendant Zelinsky is therefore subject to mandatory detention under 18 U.S.C. § 3143(b)(2). Crimes of violence are defined in the criminal code at 18 U.S.C. § 3156(a)(4). Specifically, Section 3156(a)(4)(C) states that any felony described in Chapter 110 (the chapter including child pornography offenses) is a crime of violence. The statute which defendant Zelinsky will be convicted of violating, Section 2252(a)(4)(B), is found within Chapter 110 and therefore justifies his remand into custody. See United States v. Mellies, 496 F. Supp.2d 930, 932-33 (M.D. Tenn. 2007(district court ordering detained defendant convicted of possession of child pornography);United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004)(per curiam) (reversing the district court's ruling that defendant could self-surrender and holding that 3143(a)(2) requires a defendant convicted of receiving child pornography under Section 2252(a)(2) be taken into immediate custody), United States v. Fraser, 152 F.Supp.2d 800, 805 (E.D.PA 2001) (holding that Section 3143(b)(2), which pertains to the detention of a defendant pending appeal, applies to a defendant convicted of distributing and possessing child pornography under Section 2252).

//
//
//
//
//

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court sentence the defendant to a substantial term of imprisonment, impose the other terms and conditions enumerated by the Probation Department, and remand the defendant into custody post-sentencing.

DATED: March 20, 2008                    Respectfully submitted,

                                         JOSEPH P. RUSSONIELLO
                                         United States Attorney


                                         _____/s/_____
                                         JOSEPH A. FAZIOLI
                                         Assistant U.S. Attorney